UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
HENRY G. HOBBS, JR.
ACTING UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN DISTRICTS OF TEXAS
JANA SMITH WHITWORTH,
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone:  (713) 718-4650
Fax:  (713) 718-4670
Email: Jana.Whitworth@usdoj.gov

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: |
| | § | |
| RUMALDO LARA, JR., | § | 20-80240 |
| | § | (Chapter 7) |
| DEBTORS | § | |

## MOTION OF THE UNITED STATES TRUSTEE
## TO ENLARGE TIME TO OBJECT TO DISCHARGE

**BLR 9013 NOTICE:** THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

AN ELECTRONIC HEARING WILL BE CONDUCTED ON THIS MATTER ON **WEDNESDAY, DECEMBER 9, 2020 AT 1:30 PM** (CENTRAL STANDARD TIME) IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, COURTROOM 403, 515 RUSK STREET, HOUSTON, TX 77002.  FOR INSTRUCTIONS TO PARTICIPATE BY TELEPHONE AND VIDEO, PLEASE SEE JUDGE NORMAN'S WEBSITE AT: **https://www.txs.uscourts.gov/page/united-states-bankruptcy-judge-jeffrey-p-norman**

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW Henry G. Hobbs, Jr., the Acting United States Trustee for Region 7, who respectfully moves this Court, pursuant to Fed. R. Bankr. P. 1017(e)(1), 4004(b), 4007(c) and

9006(b)(3), for entry of an order delaying entry of the Debtor's discharge and enlarging for a period of 90-days the time to file a motion, pursuant to 11 U.S.C. § 707(b), or an objection to discharge, pursuant to 11 U.S.C. §§ 523 and 727, and represents as follows:

### I. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district under 28 U.S.C. § 1408.

2.      The Court has constitutional authority to enter a final order in this matter.  If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Acting United States Trustee consents to the entry of a final order or judgment by this Court in this matter.

3.      Henry G. Hobbs is the duly appointed Acting United States Trustee for Region 7 (the "U.S. Trustee"), which includes the Southern District of Texas, under 28 U.S.C. § 581(a)(7).

4.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5.      Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the U.S. Trustee is charged with a number of supervisory responsibilities in liquidation bankruptcy cases under chapter 7 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress.  28 U.S.C. § 586(a)(3)(G).

### II. Factual Background

6.      On September 20, 2020 (the "Petition Date"), Rumaldo Lara, Jr. (the "Debtor") filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code.  The U.S. Trustee appointed Janet S. Casciato-Northrup ("Northrup") to serve as the chapter 7 trustee in this case

and continues to serve in that capacity.

7.      The initial meeting of creditors was held November 15, 2020, when the Debtor appeared and testified.   On November 5, 2020, Northrup filed the Chapter 7 Trustee's Report of No Distribution.   On November 6, 2020, Northrup filed her Notice of Proposed Abandonment.

8.      To date, the Debtor has not received a discharge.

9.      The Debtor reported assets of $7,541.51.   Debtor reported that he does not own real property or any vehicles.

10.     The Debtor reported debts of $35,937.00, consisting of secured debts of $0.00, unsecured priority debts of $13,362.00, and general unsecured debts of $22,575.00.  The general unsecured debts consist of a deficiency claim by an automobile creditor, student loans and credit card charges.

11.     The Debtor failed to complete Schedule I and Schedule J.  The information reported in the Means Test does not appear to be accurate or complete.  The information reported in the Disclosure of Compensation of Attorney for Debtor does not appear to accurate or complete.

12.      In the Statement of Financial Affairs, the Debtor reported income of $62,836.00 in 2020 (as of the Petition Date), $101,634.00 in 2019, and $63,185.00 in 2018.

13.     The U.S. Trustee is unable make a determination as to the status of a presumption of abuse in the subject case based on the incomplete and, apparently, inaccurate Schedules on file.

### III. Cause to Enlarge

14.      Fed. R. Bankr. P.  1017(e)(1), 4004(b) and 4007(c) permit a court to enlarge the period to file a motion to dismiss under 11 U.S.C. § 707(b) and an objection to discharge under 11 U.S.C. §§ 523 and 727, provided the UST files a motion before the time has expired.

15.     The deadline by which a party-in-interest must file an objection to discharge is January 4, 2021.

16.     Cause exists to enlarge the period to file a motion under 11 U.S.C. § 707(b) and an objection to discharge under 11 U.S.C. §§ 523 and 727 because the U.S. Trustee needs additional time to: (i) review the corrected and completed Schedules and Means Test; and, if necessary, (ii) conduct a Rule 2004 examination of the Debtor. Without the corrected and completed Schedules and Means Test, and the opportunity to examine the Debtor, the U.S. Trustee cannot complete the investigation into the Debtor's right to a discharge.

## IV.  Prayer

WHEREFORE, the U.S. Trustee respectfully requests that this Court enter an order under Fed. R. Bankr. P. 1017(e)(1), 4004(b), 4007(c) and 9006(b)(3) delaying the entry of the Debtor's discharge and enlarging for a period of 60-days, to March 5, 2021, the time to file a motion under 11 U.S.C. § 707(b) or an objection to discharge under 11 U.S.C. §§ 523 and 727 in this case, and for any and all further relief as may be equitable and just.

SIGNED on the 16th day of November 2020.

Respectfully submitted,

HENRY G. HOBBS, JR.
ACTING UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

By:     /s/ Jana Smith Whitworth
        Jana Smith Whitworth
        Texas Bar No. 00797453/Fed. ID No. 20656
        515 Rusk, Suite 3516
        Houston, Texas  77002
        (713) 718-4650
        (713) 718-4670 Fax
        Email: Jana.Whitworth@usdoj.gov

CERTIFICATE OF SERVICE

4

I hereby certify that a true and correct copy of the foregoing was served upon the following parties by United States Mail, first class, postage prepaid, or by email or ECF transmission where noted, on the 16th day of November, 2020.

/s/Jana Smith Whitworth
Jana Smith Whitworth

DEBTORS:
Rumaldo Lara, Jr.
229 Success
Richwood, TX 77531

DEBTOR'S COUNSEL:
Alexander B. Wathen                    (Via Email at: alex@wathenlaw.com)
Wathen & Associates
13280 Northwest Freeway, Ste. F352
Houston, TX 77040

CHAPTER 7 TRUSTEE:
Janet S. Casciato-Northrup            (Via E-Mail at: jsn@hwa.com)
Hughes Watters and Askanase
1201 Louisiana Street, 28th Floor
Houston, TX  77002